UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Chengbin Li

v.                                                    Case No. 1:26-cv-00178-JL-TSM

Patricia Hyde, et al.

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Before the court is immigration detainee Chengbin Li's petition for writ of habeas corpus.  Li contends that he is being unlawfully detained without a bond hearing by the named respondents.  Because Li's current detention is required under the Immigration and Nationality through March 31, 2026, and presumptively reasonable through June 30, 2026 under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), his petition is premature and will be denied without prejudice to his ability to renew his request for relief at a later date.

### I.    Background

ICE took Li into custody in October 2025 and detains him at FCI Berlin.[1]  On December 31, 2025, an Immigration Judge ordered him removed and granted withholding of removal to China.[2]  Both Li and the Department of Homeland Security waived their right to appeal the Immigration Judge's order.[3]  Li filed the present petition on March 9, 2026.

### II.   Analysis

Section 2241 of Title 28 grants district courts jurisdiction to hear habeas corpus challenges to the legality of noncitizens' detentions in federal custody.  *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004).  "The burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009); 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless… [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

Generally speaking, the INA requires that the government secure a noncitizen's removal during the 90-day "removal period" that follows "the entry of a final order of removal against [the] noncitizen."  8 U.S.C. § 1231(a)(1)(A)).  The "removal period" begins, as relevant here, on "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).  "During the removal period, detention is mandatory." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).  After the close of this 90-day window, ICE "may" continue to a detain the noncitizen if he or she falls into certain enumerated categories.  *Id.* at 578-79 (2022) (citing 8 U.S.C. § 1231(a)(6)). Detention beyond the 90-day removal period, however, is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689.

---

[1] Pet. for Writ of Habaes Corpus (doc. no 1) at 6.

[2] Dec. 31, 2025 Order of the Immigration Judge (doc. no. 1-3).

[3] *Id*.

In *Zadvydas*, the Supreme Court recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Id.* at 701. "After this six-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, "[m]ultiple district courts have found that the six-month presumption is rebuttable" by affirmative evidence that a petitioner's removal is not reasonably foreseeable. *Ndandu v. Noem*, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (collecting cases); *Valladares v. Hyde*, 2026 WL 294897, at *3 (D. Mass. Feb. 4, 2026) (same). In *Ndandu*, for example, a district court found that a petitioner who had been detained for less than six months overcame the *Zadvydas* presumption where he was granted deferral of removal to his home country, the government had unsuccessfully tried to remove him, and the government failed to identify any other countries willing to accept him. 2026 WL 25848, at *3-4.

Here, an Immigration Judge ordered Li removed and granted withholding of removal to China on December 31, 2025. Both parties waived their right to appeal. As such, Li's 90-day removal period began on that day and the government is mandated by statute to detain him until at least March 31, 2026. And, under *Zadvydas*, Li's continued detention beyond March 31 is presumptively reasonable through June 30, 2026. *See* 533 U.S. at 70. Accordingly, Li has not carried his burden of showing that his present detention violates the Constitution or laws of the United States.

That conclusion does not foreclose relief at a later date. After the expiration of the 90-day removal period on March 31, 2026—and especially as the six-month mark approaches—Li may attempt to make the showing contemplated by *Zadvydas* that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Should he do so, the burden would shift to the government to rebut that showing. And if, on a more developed record, continued detention were no longer reasonably related to effectuating removal, due process could require appropriate procedural safeguards, including individualized review of the necessity of continued detention.

## III.   Conclusion

For all the reasons stated above, the petition for a writ of habeas corpus[4] is **DENIED WITHOUT PREJUDICE** to Li's ability to renew his request for relief should circumstances materially change or should he be able to make the showing required under *Zadvydas*. The Clerk shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: March 19, 2026

---

[4] Doc. no. 1.

2